## BONDS *v.* BONDS.

Equity will not reform a written instrument at the instance of a party who executed it with full knowledge that it did not truly express the contract he intended to make, and who, upon having his attention directly called to this fact, deliberately chose to sign the instrument as written and rely upon a mere conjecture of his own that the other party would not require a performance of the contract set forth in the writing.

Submitted June 26,—Decided August 4, 1897.

Equitable petition. Before Judge Henry. Walker superior court. August term, 1896.

*Copeland & Jackson,* for plaintiff.

*R. M. W. Glenn,* for defendant.

LUMPKIN, P. J. On January 17, 1893, J. B. Bonds executed and delivered to Frank Bonds a bond for titles, whereby the former contracted to convey to the latter certain definitely described lands upon the payment of a specified sum. Subsequently Frank Bonds tendered this amount to J. B. Bonds and demanded a deed in accordance with the terms of the bond for titles. J. B. Bonds refused to make such a deed, and filed an equitable petition against Frank Bonds, alleging that, in consequence of a mutual mistake arising from the ignorance of the parties, the bond for titles erroneously described the lands intended to be conveyed, and praying for a reformation of the same.

At the trial it unequivocally appeared that at the time the bond was executed, J. B. Bonds fully understood its contents, and was aware that it did not correctly describe the lands which in his petition he alleged he intended to sell and convey. He himself testified that his attention was directly called to the error in the description before he signed the bond, but that, notwithstanding this fact, he deliberately executed the instrument, "supposing it would be all right," and not thinking there would be any trouble about it. It did not appear that Frank Bonds, at the time the bond was executed, either tacitly or expressly admitted that the description of the lands was in any sense erroneous. It was not, therefore, a case of mistake at all, but one in which, taking the plaintiff at his own word, he signed an instrument which did not express the truth of the contract he intended to make, and, without any reason for so doing, relied upon a mere conjecture of his own that the other party would not require performance of the contract actually set forth in the writing, but would be content with something else of a materially different character. Surely this is no case for equitable relief. The plaintiff entirely failed to prove the "mutual" mistake upon which he relied as a basis for reforming the contract. The court granted a nonsuit, and this was the only proper disposition to make of the case.          *Judgment affirmed. All the Justices concurring.*