## FINCH v. HILL.

1. A principal may commit a fraud through his agent, and evidence of the part which the agent takes in perpetrating the fraud for the benefit of his principal is admissible against the principal.
2. A contract may be rescinded at the instance of the party defrauded, if the injured party acts promptly on the discovery of the fraud, and restores or offers to restore to the other whatever he has received by virtue of the contract, if it be of any value.
3. None of the assignments of error are meritorious, and the verdict is supported by the evidence.

APRIL 11, 1917.

Action upon contract. Before Judge Patterson. Cobb superior court. May 12, 1916.

*Fred Morris* and *J. Z. Foster,* for plaintiff.

*N. A. Morris, G. D. Anderson,* and *J. G. Roberts,* for defendant.

EVANS, P. J. The plaintiff and the defendant contracted to exchange shares of stock in different corporations. According to the plaintiff's version she agreed to transfer 112 shares of stock in the Whitfield Medicine Company, and to give the joint note of herself and her husband for $200, in exchange for thirty shares of stock in the Warren Manufacturing Company; and this agreement was consummated by the transfer of the stock in the medicine company and delivery of the note to the defendant, and the execution by him of a writing obligating him to transfer to her the stock in the Warren Manufacturing Company. She instituted an action for specific performance of the defendant's written agreement to transfer the stock, with an alternative prayer for judgment for breach of contract. The defendant pleaded that the contract as alleged was procured by fraud of the plaintiff's husband, who acted as her agent in the transaction; and that immediately on the discovery of the fraud the defendant repudiated the contract and tendered to the plaintiff the stock in the medicine company and the note. The alleged fraud was that the medicine company was an insolvent corporation and known to be such by the plaintiff and her husband when the contract for the exchange of stock was made, but that defendant was ignorant of the corporation's insolvency. The plaintiff's husband, who was the general manager of the medicine company, promised the defendant a position with that company at a salary of $125 per month, and represented that the stock of the medicine company was worth $2800 and more, when in

fact the stock was worthless and· the corporation was insolvent, and within a short time thereafter it was adjudicated a bankrupt. The representations by the plaintiff's agent as to the solvency of the company and the value of the stock were false and known to be so at the time they were made, and they were made for the pur-· pose of inducing the defendant to enter into the contract to transfer to the plaintiff his shares of stock, which were of the value of $3000. The jury returned a verdict for the defendant, and the court refused a new trial.

The various assignments of error in the motion for new trial, whether based on objection to evidence or on criticism of the court's charge, involve but a single proposition of law. That proposition is whether one who deals with another as an agent of a disclosed principal may rescind a contract to exchange stock, procured by the fraud of the agent, if he acts promptly and offers to restore the status. Fraud may exist from misrepresentation made with design to deceive, or which does actually deceive the other party; and where such misrepresentation actually deceives the other party, the sale is rendered invalid, although the party making it was not aware that his statement was false. Civil Code (1910), § 4113. A principal may commit a fraud through his agent, and the part which the agent takes in perpetrating the fraud for the benefit of his principal is admissible in evidence against the principal. *Lunday* v. *Thomas,* 26 *Ga.* 537 (4). A contract may be rescinded at the instance of the party defrauded, if the injured party acts promptly upon the discovery of the fraud, and restores or offers to restore to the other whatever he has received by virtue of the contract, if it be of any value. Civil Code (1910), § 4305. This principle of law was given in charge to the jury, and no exception is taken to its formulation; the objection being to its applicability. The evidence of the defendant supported the averments of his plea; the court's charge was appropriate to the issues, and not subject to the criticism made of it; and the court did not abuse his discretion in refusing a new trial.

         . *Judgment affirmed. All the Justices concur.*