26204. HOUSE *v.* PARKER *et al.*

DECIDED NOVEMBER 9, 1937.

*Joe Quillian, Robert L. Russell,* for plaintiff in error.

*C. L. Henry, G. A. Johns, R. H. Kimball,* contra.

MacINTYRE, J.   N. G. Parker brought suit against Miss Grace House, F. B. Cleveland, and Jackson-House Furniture Company, on three notes aggregating $7000.   In addition to praying for a judgment on the notes against Cleveland and House, he asked for a receivership for Jackson-House Furniture Company.   Cleveland filed no defense.   Miss House defended on the grounds of (1) failure of consideration; (2) usury; (3) release.   At the trial Miss House assumed the burden of proof by admitting a prima facie case, and took the stand in her own defense.   She was the only witness.   At the conclusion of her testimony the judge, on motion, directed a verdict in favor of plaintiff against Cleveland and Miss House for the sums due on said notes, less any usury appearing therein.   The following is a history of the transaction as developed in the evidence of Miss House:   N. G. Parker had been carrying on a furniture business at Winder.   He sold it to R. B. Jackson and G. W. Garner, and turned the possession of it over to them.   He was employed by Jackson and Garner, who were operating as a partnership which began in 1928.   In February, 1929, Miss House, after talking with R. B. Jackson about the business that they were operating, purchased a third interest therein, not from N. G. Parker, who had already sold out, but from R. B. Jackson and G. W. Garner, and she was by them admitted into the firm as the owner of one third interest.   Soon thereafter she together with Jackson and Garner gave to N. G. Parker notes aggregating $7000, after first paying him $841.59 as part of the purchase-money.   Miss House and Jackson and Garner carried on the business as a partnership until it was incorporated, on the petition of the partners, under the name of Jackson-Garner Furniture Company.   Later Miss House through her attorney sought an amendment to the charter, changing the name to Jackson-House Furniture Company, with a capital stock of $6000.   The corporation took over the stock of goods sold by N. G. Parker to Jackson and Garner, from whom Miss House derived whatever interest she obtained, and operated the business under its corporate names.   By mutual consent of all concerned

Garner was released from the said notes, and went out of said business.

With reference to what happened thereafter, Miss House testified, on direct examination: Mr. Parker "brought Mr. Cleveland here. I had told Mr. Parker the business was not making money, and for him to take the stock over, and one time he came on one of his trips, and he told me that he had found a man who would buy my stock and that he was an experienced furniture man, a good experienced furniture man, and that he would buy my stock and would make the business go. Then Mr. Cleveland came. Mr. Parker told me that if I would take Mr. Cleveland in my stead I could get out of business and Mr. Cleveland would run the business, and I would be released, and by leaving the merchandise in there as my interest I would be released from my notes. When Mr. Parker told me that I would be released from these notes I relied on that statement, and I believed Mr. Parker when he told me that when I turned over my corporate stock and the physical stock I would be released. I turned over my physical stock to Jackson and Cleveland, as those were the persons that Mr. Parker directed me to turn my stock over to them so that I might be released from my notes. I turned over my interest, which was my corporate stock, to Mr. Cleveland. I gave up complete interest in the store when I made the transfer." On cross-examination she testified that on April 21, 1930, Cleveland signed a note payable to her for her half interest in the business which he was buying from her; that on July 23, 1930, Cleveland purchased Jackson's half interest in the business; that she and Parker and Cleveland agreed that Jackson was released from the contract, and that Cleveland's name was to be added to the contract, and that he assumed all of Jackson's part of the contract; that "the note dated January 1, 1931, signed by· F. B. Cleveland for $3967, payable to Mrs. Grace House secured by 60 shares of the capital stock of Jackson-House Furniture Company, was given to me to purchase my shares of stock in the Jackson-House Furniture Company, and I had been connected with the business from January or February, 1929, up to the date when I sold out to Mr. Cleveland, but I sold out to Mr. Cleveland in April or May of 1930;" and that the note of January 1, 1931, was a renewal note of the original note given in April, 1930, for her interest in the business.

The testimony on cross-examination of Miss House (the only witness), that she sold her half interest to Cleveland in April, 1930, for $3967, and took a note therefor, and that in July, 1930, Cleveland bought the half interest of Jackson, and that she and Parker and Jackson agreed that Jackson was to be released and Cleveland was to be substituted for him in the contract, indicated that she was in error when she testified, on direct examination: "I gave up complete interest in the store when I made the transfer." And her further testimony on cross-examination, that on January 1, 1931, Cleveland signed a renewal note for $3967, payable to her, and secured this note by depositing with her all of the capital stock of the company (60 shares, which of course necessarily had to include the 30 shares that Cleveland had bought from Jackson and the 30 shares from her), would also seem to refute her former testimony that she had turned over the corporate stock and the physical property to Cleveland at the time she sold the stock to him and was then and there to be released; for she also testified that after the sale of her half, and later after the sale of Jackson's half, she not only took a renewal note on January 1, 1936, but took as security for this renewal note the 30 shares of stock which she had sold to Cleveland and the 30 shares of stock which Jackson had sold to Cleveland, thereby indicating that she still looked to Cleveland for the payment of the entire purchase-money for her interest in the business or corporation. Since it is the rule that "'a person testifying in his own behalf is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him,' he is not entitled to prevail, even under the power of the jury to accept his testimony, unless 'by his evidence he establishes a cause of action, or a defense, as the case may be, and from no view of his testimony would a finding against him be warranted'" (*Long Cigar & Grocery Co.* v. *Harvey,* 33 *Ga. App.* 236 (125 S. E. 870), we are of the opinion that the testimony showed that all of the benefit accrued to Miss House, and none to the plaintiff; all the detriment accrued to the plaintiff, and none to Miss House; and if we should concede that there was a release, it was without consideration. "The consideration of a contract usually must consist of some benefit to the person to be bound, or some detriment to the other party." *Williams-Thomp-*

*son Co.* v. *Williams,* 10 *Ga. App.* 251 (73 S. E. 409). "'Where a partnership is dissolved, one partner taking all the property and assuming all the debts, all the partners are still liable on an acceptance previously given for goods, although the vendor may have promised to release the retiring partners and look to the other alone, there being no new consideration for such promise.'" *Fowler* v. *Coker,* 107 *Ga.* 817, 820 (33 S. E. 661). The testimony of the defendant, Miss House, fails to establish her plea of release, because of want of consideration. This being so, the judge did not err in directing the verdict for the plaintiff. There was no evidence to sustain any plea of failure of consideration, which was sufficiently definite to authorize a jury to find any fixed amount of such alleged failure. The plaintiff in error got the benefit of her plea of usury, under the direction of the court.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*