50826. TATUM et al. v. BANK OF CUMMING.

STOLZ, Judge.

This is a suit upon a note executed by the defendants, Tatum and Cutler, to the plaintiff Bank of Cumming in return for a $35,000 loan. The plaintiff contends that this note is part of a series of three notes which, together with several oral agreements, constitutes an integrated contract by which the bank advanced money to the defendants, taking their note in return. Subsequently, the note was to be transferred to a corporation which the defendants would form to carry out their business ventures.

At the close of the evidence, the trial judge granted the plaintiff's motion for a directed verdict, denying the same to the defendants. Citing the parol evidence rule that written contracts are determinative of agreements between parties, the trial judge concluded that the defendants had failed to produce sufficient evidence of an agreement other than that which was reflected in the promissory note executed by the defendants. The defendants appeal.

1. The promissory note is an unconditional contract of the defendants to pay the plaintiff according to the tenor of the instrument. Code Ann. § 109A-3—413 (1). Because the note contains an unconditional promise, the contract is complete as it was written; parol evidence may not be used to inject conditions on the obligation which are not apparent from the face of the note. See *Cairo Banking Co. v. Hall,* 42 Ga. App. 785 (3) (157 SE 346).

The appellants contend that their agreement with the bank to transfer the note to a newly formed corporation is admissible as evidence that the note was delivered for a special purpose. Code Ann. § 109A-3—306 (c). This construction of our Code provision fails to recognize that the defenses outlined all relate to the creation of a valid obligation and not to restrictions upon existing ones. *Kelley v. Carson,* 120 Ga. App. 450, 452 (171 SE2d 150).

The bank advanced money to the defendants, who organized a corporation to develop recreational

campgrounds. In return, the defendants executed the note in question. The note was effective when dated and payable thirty days from the date of execution. The appellants' contention that the debt was to be transferred to the corporation, when formed, does not deny the existence of a debt nor of the note which they had executed. Rather, the appellants contend that the note was part of a larger contract which the appellee breached. However, the note contains no reference to this supplemental agreement nor can we create one. The contention that the note was delivered for a special purpose is without merit.

2. By the terms of the note, the bank was required to take whatever steps to preserve the collateral that the appellants requested in writing. Failure to do any act which was not requested would not be deemed a failure to exercise reasonable care in preserving the collateral. The note in question was secured by 100,000 shares of investment company stock. The appellants' contention, that the bank impaired their collateral by failing to value the stock or to sell it when it began to decline in value, is without merit. The note, by its terms, provided that the bank need act only upon a request in writing, by the maker. Absent a written request, the bank was under no obligation to do anything other than to hold the stock certificates, and no inferences could be drawn from its inaction.

3. Introduction of the promissory note in evidence established a prima facie case which could not be rebutted by parol evidence. Code Ann. § 109A-3—307 (2). A promissory note is an unconditional obligation, sufficient in itself to support a cause of action. The appellee was not required to sue on all notes which the appellants may have executed, but could bring a separate suit on any one of them. *Mangham v. Hotel &c. Co.,* 107 Ga. App. 882 (131 SE2d 853).

The evidence is sufficient and not conflicting; viewed from the point most favorable to the appellants, the evidence would sustain no finding other than the verdict so directed.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED JUNE 30, 1975 — DECIDED SEPTEMBER 4, 1975.

*Michael E. Sullivan, George J. Polatty, Jr., Kendric E. Smith,* for appellants.
*Bert N. Garstin,* for appellee.