### 51428. McGRAW v. TRUSCO LEASING, INC.

PANNELL, Presiding Judge.

Plaintiff brought a suit against 3-M's, Inc., Bobby McGraw, R. E. Morris, and J. C. Morris, to recover $43,201.98 due under a rental contract. The Morris brothers and 3-M's, Inc., filed petitions in bankruptcy. The plaintiff then moved for summary judgment against McGraw alone. After a hearing, the trial court granted plaintiff's motion. Defendant McGraw appeals the judgment granting plaintiff's motion for summary judgment.

The action was based on an alleged breach of a contract for the lease of equipment by the defendant corporation. The individual defendants had executed a separate guarantee of the corporate-lessee's undertaking. Appellant contends that his individual guarantee was induced by appellee's promise to satisfy a certain indebtedness. Appellant filed an affidavit stating that appellee had breached an oral promise which supported his guarantee of the lessee's performance. He argues that this promise was the consideration for his guarantee and that the consideration had failed.

The guaranty agreement upon which this action is brought is an unambiguous instrument. It provides that there are no conditions on the guarantor's obligation. The instrument states in pertinent part: ". . . the undersigned guarantors jointly and severally, do hereby *unconditionally* guarantee the full and prompt performance and observation of all the payments, conditions, covenants and agreements . . . The undersigned further agree that their liability under this Guarantee shall be *continuing, absolute, unconditional and primary* . . ." The stated consideration for the guarantee was the making of the lease agreement with 3-M's, Inc.

The promise upon which appellant relies is extrinsic

to the instrument he executed. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Code § 38-501. Appellant's contention that his guarantee was conditioned on appellee's promise to pay a certain mortgage is refuted by the papers themselves. The promise was extrinsic to the guaranty agreement and does not explain any ambiguities in the agreement; rather, it would completely change it. The alleged parol agreement presents no defense to appellant's liability under the guarantee agreement. See *Redfearn v. C. & S. Nat. Bank,* 122 Ga. App. 282 (1) (176 SE2d 627).

"The fact that the guaranty agreement recites 'For value received' (ignoring for the moment that a definite description of the consideration immediately follows), in which case the law generally allows parol evidence to show the actual or lack of consideration when such is in dispute, that ambiguity may not be used as the vehicle for introducing parol evidence to vary the express terms of the agreement." *Redfearn v. C. & S. Nat. Bank,* 122 Ga. Ga. App. 282, 285, supra.

The trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 22, 1976.

*Mackay & Elliott, Thomas W. Elliott,* for appellant.

*Mantegna, Gignilliat & Wiggins, Michael N. Mantegna,* for appellee.