### 32548. FIRST NATIONAL BANK & TRUST COMPANY IN MACON v. THOMPSON.

NICHOLS, Chief Justice.

The First National Bank & Trust Company sued Thompson on a note. The trial court granted the bank's motion for summary judgment. The Court of Appeals in *Thompson v. First Nat. Bank &c. Co. in Macon,* 142 Ga. App. 174 (235 SE2d 582) (1977) reversed the trial court. This court granted certiorari to review whether an oral agreement not to enforce a written contract ( a promissory note) is a type of fraud which constitutes an exception to the parol evidence rule.

Thompson was an officer of Rivers & Horton Industries, Inc. Rivers desired to purchase a block of its outstanding stock from the Horton family for a price of $100,000. The bank would not loan the funds directly to Rivers. Instead, the bank loaned $25,000 each to Thompson and three other corporate officers of Rivers. Each of the officers then endorsed the proceeds over to Rivers and took Rivers' note for $25,000 to each of the officers in exchange, and also took an assignment of the shares of stock represented by the $25,000. Rivers eventually became insolvent, and the present suit was instituted by the bank against Thompson for the amount due on the note. Thompson answered, alleging that he was not liable in that he had been fraudulently induced to sign the note by repeated assurances of an officer of the bank that he would not be personally liable on the note but that the bank would look to "Rivers" for payment. The Court of Appeals reversed, holding that Thompson had alleged in his answer a claim of equitable estoppel.

In *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605 (224 SE2d 442) (1976), where the maker of a note

contended the bank through its officers had agreed to hold him harmless in the loan transaction, that court held at p. 608: "We conclude that the trial court correctly granted this partial summary judgment. A president or other officer of a bank is precluded from entering into an arrangement with one of the bank's depositors by which funds or other security due the bank will be impaired, or from making promises which will relieve the maker of a note payable to the bank from responsibility therefor. *Swindell & Co. v. Bainbridge State Bank,* 3 Ga. App. 364 (60 SE 13)."

Thompson also contends that the promises of the bank officer as to the method of collection amounted to fraud in the procurement of the note. This court in *Jackson v. Brown,* 209 Ga. 78 (2) (70 SE2d 756) (1952), held: ". . . fraud cannot be predicated upon statements which are promissory in their nature as to future acts. 37 CJS 231, § 11; *Hoover v. Mobley,* 198 Ga. 68 (31 SE2d 9); *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72 (174 SE 207); *Monroe v. Goldberg,* 80 Ga. App. 770, 775 (57 SE2d 448)." See *Warner v. Jeter,* 115 Ga. App. 6, 7 (153 SE2d 626) (1967) to the same effect.

There are no facts shown that would take the unconditional written contract out of the parol evidence rule, and the Court of Appeals erred in so holding.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1977 — DECIDED JANUARY 6, 1978 — REHEARING DENIED JANUARY 18, 1978.

*Jones, Cork, Miller & Benton, Timothy K. Adams,* for appellant.

*Sell, Comer & Popper, Ed Sell, III, Vivian Davidson Egan,* for appellee.