## 55747. RAMBO et al. v. COBB BANK & TRUST COMPANY.

BELL, Chief Judge.

This is an appeal from the grant of a summary judgment for plaintiff in a suit on a promissory note. The defendants were the makers of the note and three guarantors. The trial court granted judgment against all the defendants jointly and severally for the principal amount plus stated interest and attorney fees. Two of the defendant guarantors have appealed. *Held:*

1. The written guaranty contract provided that plaintiff was authorized to proceed against the guarantors without first proceeding against the makers of the note. Defendants alleged and submitted evidence to the effect that they were fraudulently induced to sign the contract as plaintiff's agent orally promised plaintiff would first exhaust its remedies against the co-makers

before instituting suit against defendants. As a matter of law, fraud cannot be predicated on statements which are promissory in their nature as to future acts. *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253). Thus no issue of fact on the defense of fraud in the inducement exists for jury determination.

2. The guaranty contract also clearly provided that the agreement shall remain in force until a written notice revoking it has been received by plaintiff. Defendants assert that an oral attempt at revocation releases them from liability. Full compliance with the contractual terms is required to effect a valid revocation, and defendants failed to comply. *Browning v. Nat. Bank of Ga.,* 143 Ga. App. 278 (238 SE2d 275).

3. The judgment included the principal amount, stated interest and attorney fees, plus all costs of the proceeding. Defendant guarantors' contention is that their liability is limited to the principal sum only, and does not extend to interest and attorney fees. The note signed by the makers authorized all costs of collection including 15% of the principal and interest as attorney fees. The plain language of the guaranty contract states that "the obligations covered by this agreement include all obligations of the principal to the bank... together with all damages, losses, costs, interest, charges, expenses and liabilities of every kind, nature, and description... arising in any manner out of ... said indebtedness..." Thus it is clear that the defendant guarantors are liable for interest and attorney fees. The clause in the guaranty agreement stating that "The liability of the undersigned hereunder is limited to the principal sum of $104,000.00..." does not refer to interest or attorney fees; rather it means that the indebtedness of the makers is in the maximum sum stated, and the guarantors are not liable for any other sums which the bank might lend to the makers. *Friedland v. C. & S. South DeKalb,* 135 Ga. App. 591 (218 SE2d 302).

4. The trial court granted judgment for plaintiff against all defendants, jointly and severally. Consequently, any one defendant may be required to pay all or part of the judgment. The fact that plaintiff may have seized funds from a co-maker's account, applying the bulk of the fund against another note not involved in this

appeal and the balance against the interest due on the note guaranteed by defendants, is not germane to this appeal. Plaintiff is entitled to full satisfaction of its judgment against the jointly and severally liable defendants and the manner in which it obtains this judgment is irrelevant to this case. Any dispute as to how much was paid by which defendant must be resolved in a separate suit of contribution between the defendants as provided in Code Ann. § 37-303.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED APRIL 11, 1978 — DECIDED JUNE 12, 1978.

*Flournoy, Evans & Sepak, Charles A. Evans,* for appellants.

*Berthold & Gordon, Jerry L. Berthold, James J. Brissette, John H. Moore, Howard H. Johnston, William H. Swartz,* for appellee.