### 34587. BOLING et al. v. FEDERAL LAND BANK OF COLUMBIA et al.

UNDERCOFLER, Presiding Justice.

This case involves an unsuccessful land speculation venture.

In 1973 Joe K. Smith, Jr., purchased 1,250 acres from Edna Noblin for $1,500,000. He paid $300,000 down with the balance to be paid within one year. Smith sought a loan of $1,200,000 from the Federal Land Bank Association of Gainesville to satisfy Noblin's debt. The requested loan was above the $150,000 loan limit which could be approved by the Gainesville Association and it was submitted to the Federal Land Bank of Columbia. It would not approve the loan. Smith claimed he could find a purchaser for the property and stood to make a large profit, but it was necessary that Noblin's debt be financed. Smith and L. S. Patton, President of the Federal Land Bank Association of Gainesville, devised a plan whereby the 1,250 acre tract would be divided into smaller parcels, conveyed to others, and individual loans, not exceeding

$150,000 would be made to each grantee on each separate parcel. This would be within the Gainesville Association loan limit of $150,000 and could be approved by Patton without submitting them to the Federal Land Bank of Columbia. Then the property would be reconveyed to Smith subject to the loans and the individuals released from liability. Patton and Smith divided the tract into ten parcels and recruited ten individuals to purchase a parcel and mortgage it to the Gainesville Association for $150,000 or less and within the loan limit of the Association. The loans were made to the individuals but the property was never sold; the individuals were not released from liability; the loans became in default; and the Federal Land Banks began foreclosure proceedings. Certain of the individuals sued to enjoin the foreclosure, to be relieved of liability on the notes, and for damages. The two appellants here, Hugh B. Boling and Robert H. Wallace, who were in default on loans of $150,000 and $130,000 respectively, amended their complaint, claiming in separate counts also (1) reformation, (2) specific performance, (3) wrongful foreclosure, (4) conversion, (5) fraud and deceit (6) negligent supervision. The trial court granted defendant banks' motions for summary judgment. We affirm.

The parcels which Boling and Wallace were to offer as security for loans did not alone qualify because they did not contain dwellings. Therefore dwellings located elsewhere were joined in the mortgages. The transaction was agreed to in writing between Boling and Smith wherein it was agreed that Boling would take title to Tract I (an individual parcel of the large tract) and together with Tract II (a separate dwelling) use them as security for $150,000 loan. It was then provided, "Smith agrees that immediately upon Boling's transferring to him the proceeds of the Federal Land Bank Loan, that he will commence using his best efforts to bring about the payment, cancellation and satisfaction of Boling's indebtedness to the Federal Land Bank by the substitution of either himself or another individual ... In the event Smith fails to bring about the required release, cancellation and satisfaction of the loan from Boling to the Federal Land Bank as required herein or in the event he

fails to obtain the release on Tract II within sixty (60) days of the date of this agreement as provided herein, then Smith acknowledges that the terms and provisions of this instrument shall have been breached and damages suffered by Boling. Smith shall be responsible for all damage, both in law and in equity, including attorneys fees that Boling shall suffer. . . In addition Boling shall be entitled to have the property described in Tract I free and clear of any and all claims, rights, title or interest of Joe K. Smith, Jr., his heirs and assigns." Wallace had an agreement basically the same as Boling's.

The essence of appellants' complaint is that they were fraudulently induced to enter into the transaction and sign the notes and security deeds to the bank upon the false representations of a bank's officer that they would be relieved of liability. Appellants would like to isolate these representations from the overall scheme and thus escape liability on the notes they executed. Unfortunately for appellants the evidence shows the entire scheme was well known to them and they did not rely upon the bank officer's representation. *Dr. Pepper Finance Corp. v. Cooper,* 215 Ga. 598 (112 SE2d 585) (1960). See also *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978); *Atlanta Nat. Real Estate Trust v. Tally,* 243 Ga. 247 (1979).

We find no merit in appellant Wallace's contention that certain insurance proceeds received from damage to buildings were improperly applied to reduce the principal of his note rather than satisfy the payment declared in default. The security deed expressly authorized the lender to apply such funds to the indebtedness as the lender, " in its sole discretion may determine" unless the borrower elects to reconstruct or repair the buildings. The now president of the Federal Land Bank Association of Gainesville's affidavit stating that the policy of the Association is the same as the provision contained in the security deed is surplusage.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 5, 1979.

*Johnson & Montgomery, Albert Sidney Johnson, Harmon W. Caldwell, Jr.,* for appellants.

*Telford, Stewart & Stephens, J. Douglas Stewart, Charles B. Rice, Robert J. Reed, Robinson, Harben, Armstrong & Millikan, Emory F. Robinson,* for appellees.