## 60887. ROGERS v. C. & S. NATIONAL BANK.

BANKE, Judge.

This is a suit by the appellee bank to recover the balance due on a promissory note on which the appellant was allegedly liable under an unconditional "guaranty" agreement. The maker of the note was an employee of the appellant, who had obtained the loan to finance the purchase of an automobile. The appellant denied liability, contending that the bank had induced him to sign the guaranty by representing to him that in the event the note went into default, the automobile would be repossessed and sold before any action was taken against him. However, the bank neglected to record its security interest on the certificate of title, and the borrower sold the car to a third party. Thus, the bank sought to hold the appellant liable for the full balance due on default. This appeal is from the trial court's grant of summary judgment to the bank. *Held:*

1. Because the bank's representations as to how it intended to go about collecting the note in the event of default were promises as to future acts, they were insufficient as a matter of law to constitute fraud in the procurement of the guaranty agreement. See *First Nat. Bank & Trust Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978); *Rambo v. Cobb Bank & Trust Co.,* 146 Ga. App. 204 (1) (245 SE2d 888) (1978). Accord, *McGraw v. Trusco Leasing, Inc.,* 137 Ga. App. 328 (223 SE2d 731) (1976).

2. The appellant argues that the guaranty agreement expressly prohibited the bank from releasing its security interest in the automobile without substituting other collateral. Assuming *arguendo* that this is so, it is clear that the bank never released its security interest. It merely failed to perfect the security interest. This omission did not relieve the appellant from liability as the agreement to pay the debt on default was "absolute and unconditional." See *Whiteside v. Douglas County Bank,* 145 Ga. App. 775 (245 SE2d 2) (1978). Furthermore, the guaranty agreement contains an express waiver of "all diligence in collection or protection of or realization upon . . . any security for [the indebtedness]."

3. The bank was not required to proceed against the principal debtor as a condition precedent to proceeding against the appellant. See *Oliver v. Citizens DeKalb Bank,* 150 Ga. App. 437 (1) (258 SE2d 204) (1979).

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED NOVEMBER 5, 1980.

*T. J. Foss,* for appellant.
*John I. Harper,* for appellee.