### 60870. WALL v. FEDERAL LAND BANK OF COLUMBIA et al.

McMurray, Presiding Judge.

This case involves an unsuccessful land speculation venture resulting from a planned syndication of a large tract of land. The purchase of the large tract of land was by individual purchases of smaller tracts whereby the Federal Land Bank of Columbia would lend a maximum of $150,000 (apparently its Gainesville office loan limit) to various individuals on the separate tracts. Some of the facts may be found in *Boling v. Federal Land Bank,* 243 Ga. 467 (254 SE2d 848) which shows the various parties involved in the planned

syndication.

Wall's involvement in these transactions was to take title to a 150 acre tract (sometimes referred to as having 180 acres), obtain a loan of $150,000 from Federal Land Bank of Columbia, and the land would eventually be sold for a substantial profit. Wall came into the transaction through contacts with Joe K. Smith, Jr. and Gene Robinson, a vice president of the Federal Land Bank Association in Gainesville, Georgia. Wall contends that Robinson promised him that if he did not want to stay in (the scheme to syndicate the land) he could get out at any time and Smith or someone else would take over his loan and he would be released. He contends also that the then president (Patton) of the Federal Land Bank Association of Gainesville also advised him as to the above and that he would not have gone into this transaction if the president had not endorsed the whole operation. The loan with the Federal Land Bank was closed, and Wall took an agreement whereby Smith agreed to assume and pay by the terms of the note and loan deed and exercise his best effort to bring about the payment, cancellation, and satisfaction of Wall's indebtedness; that is, by the substitution of either himself or another individual or individuals with respect to this tract of land. But if this were not done then the agreement was breached, Wall would have suffered damages, and Smith would be liable for all damages, including attorney fees that Wall should sustain and in addition to any damages suffered by Wall, he would have the acreage clear of any and all claims of Smith, his heirs and assigns. When the land was eventually sold Wall would share in some of the profits with everyone else. Wall was a real estate broker and well acquainted with the purchaser and seller relationship and the making of loans with reference to real property.

Subsequent to the initial transaction Wall became ill and asked to get out of the transaction. He contends that he talked to the president (Patton) who told him that Smith would take over his loan and that he, the president, would release him. Wall was also assured that he was totally released from the original transaction by the president and again assured by the vice president (Robinson) that he was released from the transaction. Wall executed a deed to Smith but never received a written release of any kind from the Federal Land Bank.

Following the above, this litigation began with the threat of the bank to commence foreclosure proceedings. S. David Wall, Jr., as plaintiff, brought this action against the Federal Land Bank of Columbia and the Federal Land Bank Association of Gainesville, Georgia, seeking to enjoin the attempted collection of the alleged indebtedness resulting from his promissory note and to enjoin the

foreclosure proceedings. Plaintiff also sought to recover general and punitive damages and reasonable attorney fees and such other and further relief as the court deemed necessary, contending he had no adequate remedy at law, having conveyed the property to Smith based upon the agreement and upon the promises of the president and vice president of the Federal Land Bank Association of Gainesville that the plaintiff was released, fully and completely, from the note. Plaintiff allegedly relied on these representations in making the transfer of title and in transferring his ownership in the stock in the defendant Federal Land Bank which he necessarily obtained as a part of the transaction. The averments are based upon a reliance upon promises of these individuals as agents for the defendants which were misrepresentations of material fact which they knew or should have known were false and made intentionally to deceive the plaintiff; that is, to the effect that he would be released from his obligation to defendants upon his transfer of title to Smith. In reliance thereon he transferred title to Smith. Said fraudulent transaction resulted in plaintiff losing title to his property, receiving no benefit from the proceeds of the loan from the defendants, and he is now being threatened with suit on the alleged deficiency by the defendants, the same being advertised for foreclosure under the power of sale contained in the security deed. Plaintiff also averred that he is similarly situated with one or more of the plaintiffs named in *Hammond v. Federal Land Bank; Wallace v. Federal Land Bank;* and *Boling v. Federal Land Bank.* (Those cases have been decided adversely to those plaintiffs in 155 Ga. App. 426 (270 SE2d 848)).

By stipulation, the foreclosure was allowed to proceed and the equitable features of this case have been eliminated. The defendants answered, admitting jurisdiction but generally denied the claim, admitting the relationship by and between the parties as lender and borrower on the land in question (the giving of the promissory note and loan deed with reference to the loan in the amount of $150,000). By counterclaim defendants also sought the lifting of the restraining order following the default in the indebtedness and to be allowed to proceed with the sale and to seek to confirm said sale and to assert their rights of a deficiency judgment against the plaintiff.

The property has been advertised and sold under the terms of its deed to secure debt, and the defendants have obtained confirmation of the foreclosure sale. See in this connection *Wall v. Federal Land Bank,* 240 Ga. 236 (240 SE2d 76); *Grizzle v. Federal Land Bank,* 145 Ga. App. 385 (244 SE2d 362).

Following discovery and amendments to the pleadings, the defendants moved for summary judgment as to the claims of the

various plaintiffs in all of the litigation (not only the *Wall* case but also *Hammond v. Federal Land Bank,* 155 Ga. App. 426, supra (Nos. 59937, 59938, 59939).

The trial court then issued an order upon consideration of the pleadings, the depositions and the briefs that there was no genuine issue of material fact, holding the defendants are entitled to judgment as a matter of law. The court also held that the oral statements that the various plaintiffs would be released are such that these statements were promissory in nature and could not constitute the inceptive fraud alleged by the various plaintiffs, citing *First Nat. Bank & Trust Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253), even though there may be an issue of fact as to whether such representations were actually made to the various plaintiffs. As to the claim by certain plaintiffs (including plaintiff Wall), the contention is that defendants' former officers told them they *were released* and in response to same "the Plaintiffs conveyed their interest in the collateral held by the bank for the loan to Joe K. Smith, a cohort of the Defendants' officers." The court held that while the conveyance to Smith appears to have been tainted by "actionable fraud," *that transaction* is not the subject matter of this suit which is the obligation incurred by the plaintiffs to the bank in making the loans before those particular statements were made. While the plaintiffs may well have grounds to rescind the conveyances to Smith they have no grounds to void their obligations to the defendants.

The above order left the case against the plaintiff in the posture of only the defendant Federal Land Bank of Columbia's counterclaim as to a deficiency judgment following the sale of the real estate and the confirmation of the sale. Subsequently the defendant Federal Land Bank of Columbia filed a motion for summary judgment on the counterclaim which was granted in favor of defendant Federal Land Bank of Columbia as to the amount of the deficiency, attorney fees and interest. Plaintiff appeals. *Held:*

1. As to the alleged misrepresentations to purchase the property and make the loan for $150,000 using the property as security, that is, the alleged fraudulent inducement to enter the transaction, execute the promissory note and security deed "upon the false representations of . . . [bank officers] . . . that they would be relieved of liability," this case is controlled adversely to the plaintiff by *Boling v. Federal Land Bank,* 243 Ga. 467, 469, supra, which holds "the evidence shows the entire scheme was well known to . . . [plaintiffs] . . . and they did not rely upon the bank officer[s'] representation." Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *Jackson v. Brown,* 209 Ga. 78, 80 (2) (70 SE2d 756); *First Nat. Bank & Trust Co. v. Thompson,* 240 Ga. 494,

495, supra. See also *Hammond v. Federal Land Bank,* 155 Ga. App. 426, supra (Nos. 59937, 59938, 59939).

2. Generally a principal is bound for the care, diligence and fidelity of his agent in his business, and shall be bound for the negligence and fraud of his agent in the transaction of such business. See Code § 4-311; *Finch v. Hill,* 146 Ga. 687, 688 (92 SE 63); *Loyless v. Hesse Envelope & Lithographing Co.,* 10 Ga. App. 660, 663 (74 SE 90); *City Bank v. Kent,* 57 Ga. 283, 303. However, our appellate courts have held that a bank officer, with or without apparent authority, cannot compromise the institution he represents by promising proposed debtors of the bank that they will be granted a release from their obligations short of payment of the debt. *Swindell & Co. v. Bainbridge State Bank,* 3 Ga. App. 364, 365 (5), 370 (60 SE 13); *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 608 (2) (224 SE2d 442); *Tatum v. Bank of Cumming,* 135 Ga. App. 675, 676 (218 SE2d 677); *First Nat. Bank & Trust Co. v. Thompson,* 240 Ga. 494, 495, supra. Thus, even if a party places special trust and confidence in a bank or its officers, this does not create a confidential or fiduciary relationship which would entitle the party seeking to avoid an obligation to the bank by alleging reliance upon oral communications between the bank officers and that party which might otherwise vitiate the transaction. See *Feltman v. Nat. Bank of Ga.,* 146 Ga. App. 434, 437 (246 SE2d 447).

Further, the only fraud which would relieve a party from an obligation which he has signed, where that party can read and write and is not otherwise under any disability, is that fraud which prevents him from reading what he signed. *Morrison v. Roberts,* 195 Ga. 45 (1) (23 SE2d 164); *Bradley v. Swift & Co.,* 93 Ga. App. 842 (3) (93 SE2d 364); *DeLong v. Cobb,* 215 Ga. 500, 505 (111 SE2d 89); *Bonds v. Bonds,* 102 Ga. 163 (29 SE 218); *Dover v. Burns,* 186 Ga. 19 (1) (196 SE 785); *Ligon v. Rogers,* 12 Ga. 281 (2).

3. As to the issue of whether or not plaintiff was an accommodation party to Joe K. Smith, Jr., it comes within the ambit of the effect of *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 857-858 (a) (229 SE2d 765), which holds that a person who lends his name to another party to a negotiable instrument *in any capacity* is an "accommodation party," under the Uniform Commercial Code, Code Ann. § 109A-3—415 (Ga. L. 1962, pp. 156, 262). Here the plaintiff cannot escape that he was, in effect, an accommodation party to all of the various and sundry individuals involved in the syndication of the large tract of land.

4. Here plaintiff signed a written agreement (the promissory note and security deed) and thereafter seeks to vary or contradict the terms of that agreement by parol evidence with defendants' agents to

release him. We find no consideration here whatsoever for this alleged release. See in this connection *House v. Parker,* 56 Ga. App. 674 (193 SE 617); *Dodson v. Phagan,* 227 Ga. 480 (181 SE2d 366); *Stonecypher v. Ga. Power Co.,* 183 Ga. 498, 499 (3), 504 (189 SE 13); *Cottle v. Tomlinson,* 192 Ga. 704, 705 (4) (16 SE2d 555); *Awtrey v. Awtrey,* 225 Ga. 666, 669 (171 SE2d 126); *Head v. Head,* 232 Ga. 373, 375 (1) (207 SE2d 15).

The transaction here (original promissory note and security deed) was an obligation not to be performed within one year and involved the title to real property. Hence any modification of same had to be in writing and had to be supported by a new consideration. See Code § 20-401; *Houston v. Jefferson Standard Life Ins. Co.,* 119 Ga. App. 729, 733 (168 SE2d 843). Further, we do not find the four essential requirements as to a novation as was pointed out in *Williams v. Rowe Banking Co.,* 205 Ga. 770, 771 (55 SE2d 123).

5. Here the plaintiff averred in his petition that he is similarly situated with one or more of the plaintiffs named in *Hammond v. Federal Land Bank,* 155 Ga. App. 426, supra. Said case has now been decided adversely as to the other plaintiffs. However, our view of the case is that the decision in that case does not necessarily completely control the results in this case in the granting of the joint motion for summary judgment. But for all the reasons set forth above it is quite clear that the trial court did not err in granting summary judgment in favor of defendants. There was no genuine issue of material fact, and they were entitled to judgment as a matter of law.

6. As all of plaintiff's argument here is to the granting of summary judgment as a matter of law in favor of the defendants as to the main action with reference to his affirmative defense of fraud (alleged error in granting summary judgment as to the defendants' claims), we deem the money judgment awarded by the trial court, following the decision in *Wall v. Federal Land Bank,* 240 Ga. 236, supra, affirming the confirmation of the foreclosure sale, and finding no issue remains as to the alleged issue of fraud, was demanded by the evidence with respect to the award of the deficiency, attorney fees and interest as therein determined. No conflicting evidence was offered disputing the amounts determined by the affidavit of the treasurer of the Federal Land Bank of Columbia with respect to the obligations of the plaintiff following foreclosure and confirmation of the sale. The award of the deficiency judgment, interest and attorney fees was proper.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED NOVEMBER 7, 1980.

*Alford Wall,* for appellant.

*J. Douglas Stewart, Emory F. Robinson, Albert Sidney Johnson,* for appellees.