63996. CITIZENS TRUST BANK v. TYLER.

BANKE, Judge.

The appellant, Citizens Trust Bank, sued the appellee to collect a 60-day promissory note in the principal amount of $3,000. The appellee admitted execution of the note but defended on the basis of fraud in the procurement. He also asserted a counterclaim based on fraud and breach of a collateral agreement regarding the disposition of certain funds which he allegedly delivered to the bank in payment of the obligation. This appeal is from the denial of the bank's motion for summary judgment.

The appellee signed the note as co-maker with C. F. Locke, Sr., who had contracted with the appellee to perform construction work on his house. In opposition to the bank's motion for summary judgment, the appellee filed an affidavit asserting that the purpose of the loan transaction was to enable Locke to obtain funds needed to complete the work called for under their contract. He states that he informed the bank at the time the note was executed that, through a special financing arrangement with the City of Atlanta, he expected shortly to receive a check for approximately $20,000, made payable to him and Locke. He further states that although the bank officer with whom he and Locke dealt assured him that these funds would be applied to payment of the note when received, and that although he later received the check, endorsed it, and deposited it in Locke's account in this officer's presence, the funds were not applied to satisfy the note. *Held:*

1. The oral representations of a bank officer purporting to limit the bank's right of recourse in the event of a default in the payment of a promissory note will not support a defense of fraud in the procurement of the note. See *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978); *Rogers v. C & S Nat. Bank,* 156 Ga. App. 330 (1) (274 SE2d 722) (1980); *Wall v. Federal Land Bank,* 156 Ga. App. 368 (2) (274 SE2d 753) (1980). It appearing without dispute that the appellee executed the note and that the note is in default, it follows that the trial court erred in denying the bank's motion for summary judgment for the amount due thereon.

2. The trial court did not err, however, in denying the bank's motion for summary judgment insofar as it pertains to the appellee's counterclaim. The appellee's affidavit supports his contention that the bank officer represented to him, both at the time the note was

executed and at the time he deposited the check in Locke's account, that the funds would be applied towards payment of the note. Consequently, a jury issue exists as to whether the bank is liable for damages for breach of this alleged agreement.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 3, 1982 —
REHEARING DENIED JUNE 16, 1982 —

*Richard D. Ellenberg,* for appellant.
*John J. Goger, Thomas P. Lenzer, James S. S. Howell,* for appellee.

ON MOTION FOR REHEARING.

It is clear from the appellant's motion for rehearing and from the appellee's response thereto that both parties have interpreted Division 2 of our opinion as a holding that the appellee may counterclaim for damages based on fraud, although he may not defend on this basis. Such was not our holding. As indicated in Division 1, the undisputed facts affirmatively negate the existence of fraud in the procurement of the note. What we hold in Division 2 is that fact issues remain with regard to the appellee's allegation that the appellant breached an agreement to satisfy the indebtedness from the proceeds of the check which the appellee deposited into his co-maker's account. Such liability, if it exists, would not be for fraud in the procurement of the note but merely for breach of a contractual duty.

*Motion for rehearing denied.*