## 75259. FINNEGAN et al. v. DAVIDSON COMPANY.
(362 SE2d 117)

DEEN, Presiding Judge.

The appellee, Davidson Company, commenced this action against Roger and Gail Finnegan to recover on a promissory note for $15,000, executed by the Finnegans in favor of the appellee. The trial court granted summary judgment for the appellee on the note. On appeal, the Finnegans contend that summary judgment was inappropriate because a factual issue existed over their defense of fraudulent inducement and because there was a pending counterclaim. *Held*:

In support of its motion for summary judgment, the appellee sub-

mitted the affidavit of its president, showing the execution and non-payment of the promissory note. The appellee's evidence did not address the set-off counterclaim asserted by the Finnegans stemming from the sale of a vehicle.

As noted by the Finnegans, fraud in the inducement of a contract is a good defense to the enforceability of the obligation. *Morgan v. Hawkins*, 155 Ga. App. 836 (273 SE2d 221) (1980). However, a party may not withstand a motion for summary judgment merely by frantically waving a flag of fraud. The Finnegans claimed that (1) after Gilbert Davidson had purchased an interest in the corporation owned by the Finnegans, Davidson Company loaned the Finnegans $15,000, so that they could purchase $15,000 worth of the corporation's stock, thereby adding to the capital assets; (2) that subsequently, the corporation suffered business losses and was unable to meet obligations secured by the corporation's equipment; and (3) that Davidson paid those corporate obligations but took title to the equipment in return, and eventually took the equipment, thus destroying the corporation's ability to conduct business. This evidence may demonstrate shrewd and unsympathetic business practices, but not fraud in the inducement to sign the promissory note. Accordingly, summary judgment for the appellee was appropriate. Cf. *Citizens Trust Bank v. Tyler*, 162 Ga. App. 589 (291 SE2d 95) (1982). Moreover, it was not error to grant summary judgment in the main action even though the appellants had a pending counterclaim. *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872 (264 SE2d 489) (1980).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 15, 1987.

*David E. Spalten, Lex A. Watson II*, for appellants.
*Hall F. McKinley III*, for appellee.