44789. SOUTH ATLANTIC PRODUCTION CREDIT
ASSOCIATION v. GIBBS.
(361 SE2d 167)

MARSHALL, Chief Justice.

In this case, plaintiff-appellee, James W. Gibbs, seeks enforcement of an oral agreement allegedly entered into with officers of defendant-appellant, South Atlantic Production Credit Association (PCA), requiring cancellation of a promissory note and security deed in consideration of plaintiff's voluntarily conducting a liquidation sale of security-deed collateral, as well as non-collateral, and applying the sale proceeds to payment of the secured indebtedness.

The trial court granted an interlocutory injunction restraining the defendant from foreclosing upon certain collateral, consisting of two tracts of real estate, which the officers of the PCA allegedly agreed to release from the security deed. The questions for decision are whether the PCA officers were authorized to agree to the oral release, whether such release can be said to be supported by consideration, and whether the Statute of Frauds and/or the parol-evidence rule bar enforcement of the alleged oral agreement. For reasons which follow, we answer the first two questions in the affirmative, the remaining two questions in the negative, and, consequently, we hold that the trial court did not err in granting the interlocutory injunction.

In 1981, Gibbs and James A. Belisle borrowed $510,000 from the PCA for the purpose of entering into a partnership for the purchase of polled Hereford cattle. The promissory note was to be paid over a

7-year period with principal and interest payments to be made annually. It was collateralized by a security deed which pledged, as security for the loan, various farm equipment and machinery utilized by Gibbs and Belisle in their partnership. Also pledged as security were various tracts of real estate, including a 5-acre tract on which Gibbs' residence is located and a 14.529-acre tract on which greenhouses owned by Gibbs are located.

In 1983, approximately two years after the promissory note and security deed were executed, it became apparent to all parties that the cattle operation was generating insufficient income to retire the indebtedness. After conferring with the president and vice-president of the PCA, Gibbs undertook a partial liquidation of the assets of the cattle operation in order to reduce the debt. The funds generated by this partial liquidation were insufficient, whereupon Gibbs liquidated personal assets on which the PCA had no lien in order to further reduce the debt. However, after applying the funds generated from these liquidation sales to the indebtedness, there still remained an unsatisfied principal amount of $192,000, as well as unpaid interest.

Gibbs argues that this liquidation of assets pledged to the PCA, as well as assets not pledged to the PCA, was done pursuant to an oral agreement with the PCA officers that the remaining debt would be discharged, and that he would be allowed to retain the 5-acre and 14.529-acre tracts.

The PCA subsequently contacted Gibbs concerning the remaining unpaid balance of the debt, and it was stated that the PCA intended to foreclose on the remaining property owned by Gibbs in order to satisfy the unpaid indebtedness. As a result, Gibbs filed the present action against the PCA in April of 1987, seeking to enforce the alleged oral agreement to cancel the security deed. After suit was filed, the PCA expressed an intent to proceed with the foreclosure, whereupon Gibbs filed a motion to enjoin the foreclosure proceedings. After conducting an evidentiary hearing, the trial court entered an order temporarily enjoining the foreclosure until the final disposition of this case. *Held:*

"Generally a principal is bound for the care, diligence and fidelity of his agent in his business, and shall be bound for the negligence and fraud of his agent in the transaction of such business. See [OCGA § 10-6-60]; *Finch v. Hill,* 146 Ga. 687, 688 (92 SE 63); *Loyless v. Hesse Envelope & Lithographing Co.,* 10 Ga. App. 660, 663 (74 SE 90); *City Bank v. Kent,* 57 Ga. 283, 303. However, our appellate courts have held that a bank officer, with or without apparent authority, cannot compromise the institution he represents by promising proposed debtors of the bank that they will be granted a release from their obligations short of payment of the debt. *Swindell & Co. v. Bainbridge State Bank,* 3 Ga. App. 364, 365 (5), 370 (60 SE 13); *Cooper v.*

*Mercantile Nat. Bank,* 137 Ga. App. 605, 608 (2) (224 SE2d 442); *Tatum v. Bank of Cumming,* 135 Ga. App. 675, 676 (218 SE2d 677); *First Nat. Bank & Trust Co. v. Thompson,* 240 Ga. 494, 495 [241 SE2d 253 (1978)]." *Wall v. Federal Land Bank,* 156 Ga. App. 368, 372 (2) (274 SE2d 753) (1980).

However, there are various facts in this case which distinguish it from the cases commencing with *Swindell* and culminating in *Wall.* That line of cases primarily concerned oral assurances given by bank officers, at the time of the execution of a promissory note, that the note would not be enforced according to its terms. *Swindell,* supra; *Cooper,* supra; *Thompson,* supra; *Wall,* supra. Also involved in those cases were situations in which no consideration was given for the oral release alleged to have existed. *Wall,* supra, 156 Ga. App. at pp. 372-373 (4) and cits.

Here, it is argued that the alleged oral agreement was entered into subsequent to the execution of the promissory note. Under these circumstances, the parol-evidence rule does not stand as a barrier to the agreement's enforcement. OCGA § 23-6-1; *Long Tobacco Harvesting Co. v. Brannen,* 99 Ga. App. 541, 546 (4) (109 SE2d 90) (1959). Cf. *Tatum,* supra, 135 Ga. App. at p. 675 (1). And here, the plaintiff conducted a liquidation sale of property not pledged as collateral for the loan, and he applied the proceeds of the sale to payment of the indebtedness. By doing this, he gave the creditor additional security which the creditor had no right to demand, and this would constitute consideration for the creditor's alleged agreement to accept less than the full amount of the liquidated debt. *Jaffray v. Davis,* 26 NE 351 (N.Y. 1891); 1 AmJur2d 341, Accord and Satisfaction, § 43. See also *Long Tobacco Harvesting Co. v. Brannen,* supra. Finally, this part performance on the part of the plaintiff would remove the alleged oral agreement from the Statute of Frauds. See OCGA § 13-5-31 (3); *Smith v. Cox,* 247 Ga. 563 (277 SE2d 512) (1981) and cits. See also OCGA § 13-5-31 (2); *Langenback v. Mays,* 205 Ga. 706 (3) (54 SE2d 401) (1949).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 1987.

Larkin M. Fowler, Jr., James M. Bivins, for appellant.
C. Saxby Chambliss, for appellee.