A91A1607. CAMPBELL v. CITIZENS & SOUTHERN NATIONAL BANK.
(415 SE2d 193)

ANDREWS, Judge.

Campbell appeals from the trial court's order awarding summary judgment to Citizens & Southern National Bank on its action to collect amounts claimed due under two promissory notes.

The bank loaned Campbell $192,777.78 in December 1987, and Campbell executed a note in that amount to the bank with the final payment due on December 31, 1989. (The first note.) In May 1988 Campbell executed another note to the bank in the amount of $75,000 with the full principal amount due on May 25, 1989. (The second note.) In May 1989, Campbell renewed the second note, extending the final due date to March 1, 1990.

The first note evidenced a personal loan to Campbell and was secured by stock pledged as collateral. The second note was the result of Campbell's agreement to open a $75,000 line of credit at the bank as a favor for a friend. Shortly after executing the second note Campbell executed a document authorizing the bank to disburse the $75,000 to the friend's automobile business. Campbell claims he agreed to open the credit line and execute the second note after he was assured by a bank loan officer that there was no risk he would be called upon to pay the note because under the business arrangement

the bank had with Campbell's friend the bank would always hold enough car titles as collateral to pay off the note.

In the latter part of 1989, prior to the final payment date on the first note, Campbell tendered the bank full payment on the first note on the condition that the bank release the stock it held as collateral. The bank informed Campbell it would not release the stock on payment of the first note because it was exercising its right under the note to continue holding the stock as collateral for payment of the second note. Campbell refused to make the final payment on the first note without the release of the stock, and subsequently refused to pay the amount due under the second note.

1. Campbell asserts three related defenses to payment on the second note. First, he contends the note was procured by the bank's fraudulent assurances that he would not be held responsible for payment because collateral in the form of car titles supplied by his friend's business would be sufficient to pay off the note. Secondly and thirdly, he contends the bank's failure to maintain sufficient car titles as collateral amounted to failure of a condition precedent to his payment on the note and a failure of consideration.

The record does not disclose any confidential relationship between Campbell and the bank that would excuse Campbell from the requirement that he exercise ordinary diligence in his own behalf. *United Fed. Savings &c. Assn. v. Eubank*, 180 Ga. App. 402, 403 (349 SE2d 268) (1986). Campbell's claim that the bank promised to maintain sufficient collateral from his friend's business to pay off the note, even if true, conflicts with the express written terms of the note which establish Campbell's personal liability for the note, and make no provision for the bank to maintain the car titles as collateral. Campbell does not claim he was prevented from reading the note before he signed it. One not prevented from reading the contract, and having the capacity and opportunity to do so, cannot after signing it claim he was fraudulently induced to sign by promises which contradict the express terms of the contract. *Craft v. Drake*, 244 Ga. 406, 408 (260 SE2d 475) (1979); *Citizens Bank, Vienna v. Bowen*, 169 Ga. App. 896, 897-898 (315 SE2d 437) (1984). Even if the bank made the claimed prior or contemporaneous statements, such statements or agreements cannot be used to vary the terms of a valid written agreement purporting to contain the entire agreement of the parties, nor would the violation of any such alleged oral agreement amount to actionable fraud. *Hodge Residential v. Bankers First &c. Loan Assn.*, 199 Ga. App. 474, 475-476 (405 SE2d 302) (1991). Moreover, where the express terms of the note establish Campbell's liability, "[t]he oral representations of a bank officer purporting to limit the banks's right of recourse in the event of a default in the payment of a promissory note will not support a defense of fraud in the procurement of the note."

*Citizens Trust Bank v. Tyler,* 162 Ga. App. 589 (291 SE2d 95) (1982); *South Atlantic Production Credit Assn. v. Gibbs,* 257 Ga. 521, 522-523 (361 SE2d 167) (1987). Accordingly, we find no merit in defenses which are based on the contention that the bank failed to maintain car titles as collateral for the second note.

2. As to the first note, Campbell claims that when he tendered full payment the bank's refusal to release the stock it held as collateral was a breach of the bank's duty under the terms of the note, and resulted in either: (1) the complete discharge of the note obligation, or (2) a setoff against the note obligation equal to the amount the stock has diminished in value since payment was tendered. We find no merit in these defenses. The record reflects that Campbell tendered full payment only on the condition that the bank release the stock. The note provides that, "[t]he undersigned agrees that the Holder shall have a lien upon, security title to and a security interest in the Collateral to secure the payment of this Note and all other indebtedness or liability of the undersigned to Holder. . . . The surrender of this Note upon payment or otherwise shall not affect the right of the Holder to retain the Collateral for any other liabilities." Even if Campbell had unconditionally paid the first note in full, under the terms of the so-called future advances clause, the bank was not required to release the stock as long as the second note remained unpaid. *Rose City Foods v. Bank of Thomas County,* 207 Ga. 477, 481 (62 SE2d 145) (1950); see also OCGA § 11-9-204 (3). The note also contained terms providing that, "no failure of Holder to preserve or protect any right with respect to the Collateral against prior parties, or to do any act with respect to preservation of the Collateral not so requested by the undersigned shall be deemed a failure to exercise reasonable care in the custody or preservation of the Collateral." Since there is no evidence that Campbell requested the bank to do anything with respect to the collateral other than to release it upon payment of the first note, he is estopped by the terms of the note from asserting the claim that the bank's actions impaired the collateral. *H & H Operations v. West Ga. Nat. Bank of Carrollton,* 181 Ga. App. 766 (353 SE2d 633) (1987).

There being no factual disputes with regard to Campbell's execution of the notes, default thereon, and the amounts due, the trial court did not err in granting summary judgment to the bank.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 31, 1992.

*Paul H. Wyatt,* for appellant.
*Alston & Bird, Ben F. Johnson III, Jennifer B. Moore,* for appel-

lee.