ARMSTRONG *v.* CITIZENS AND SOUTHERN BANK *et al.*

1. The court properly overruled the demurrer to the petition.
2. Under the evidence in this case the court did not err in directing a verdict for the plaintiff.

SEPTEMBER 21, 1916.

Equitable petition. Before Judge Hammond. Richmond superior court. March 13, 1915.

The Citizens & Southern Bank brought suit against the Irish-American Bank as maker, and James P. Armstrong and Patrick Armstrong as sureties, upon a promissory note dated December 2, 1913, and due January 1, 1914, which contained this clause: "To secure the prompt payment of this note, as well as any other liability of ours to the Citizens & Southern Bank, due or to become due, or that may be hereafter contracted, we have deposited with said Bank, and pledged to it as collateral security, the following property, viz.: Customers' Notes as per list, Security Deed from J. P. Armstrong on real estate in Richmond County, Mortgage on Plant of Industrial Lumber Company by J. P. Armstrong." The Irish-American Bank filed no defense. J. P Armstrong filed, a

plea of bankruptcy, which, on motion of the plaintiff, was stricken. The plaintiff amended its petition by striking its prayer for a general judgment in personam against J. P. Armstrong, and as to him prayed only for the foreclosure of a certain security deed. Patrick Armstrong filed a demurrer, and a plea claiming that upon certain grounds therein set forth he was discharged and released from liability as surety on the note. There were amendments both to the petition and to the pleas. Patrick Armstrong's demurrer was overruled. At the conclusion of the evidence, and after argument of counsel, the court directed a verdict for the plaintiff. Patrick Armstrong made a motion for a new trial, which was overruled.

*P. C. O'Gorman, Pierce Brothers,* and *W. K. Miller,* for plaintiff in error. *Boykin Wright, Adams & Adams, Boykin Wright Jr.,* and *Irvin Alexander,* contra.

BECK, J. (After stating the foregoing facts.)

1. The demurrer to the declaration on the ground that there was no list of the collateral securities attached was properly overruled. It is true the note recites that to secure the prompt payment thereof there were deposited with the bank and pledged to it as collateral security, among other property, "customers' notes as per list," but this was not the equivalent of reciting that the list was attached to the note or made a part thereof; and the declaration on the note was sufficient without attaching a list of the customers' notes.

2. We are of the opinion that under the evidence the court was right in directing a verdict against the principal in the note sued on, and against the movant, Patrick Armstrong. We have carefully examined the evidence, and no other verdict than this would have been authorized under the uncontradicted facts in the case. One of the leading contentions of the plaintiff in error is that he was released and discharged as a surety upon this note, because his risk had been increased by the action of the defendant in error in turning over to J. P. Armstrong certain notes known as the Anna R. Campbell & Company notes. When these notes were so turned over, the following receipt was taken:

"Augusta, Ga., Dec. 6th, 1913.

"Received in trust from the Citizens and Southern Bank of Augusta, Augusta, Ga., notes amounting to twenty-seven thousand

nine hundred two & 02/100 dollars, said notes held by the Citizens and Southern Bank of Augusta, to secure our note dated December 2, 1913, and due Jany. 2, 1914, for $43,500.00. As agent for said Bank we acknowledge said notes to be the property of the said Citizens and Southern Bank of Augusta, held in trust by us for collection only, and subject at all times to the order of the Citizens and Southern Bank of Augusta; and we certify that the proceeds arising from said notes are the property of the Citizens and Southern Bank of Augusta, and not subject to our debts or to be used in any way by us, same being trust property arising from the fiduciary relations between the Citizens and Southern Bank of Augusta and ourselves, and the said funds are subject at all times to the order of the said Citizens and Southern Bank of Augusta, and we bind ourselves to deliver said trust funds or said notes held in trust by us when called upon to do so by the said Citizens and Southern Bank of Augusta, or its legal representative. This the sixth day of December, 1913." (Here follows a list of the notes.) (Signed) "Irish-American Bank, by J. P. Armstrong, Cashr."

The testimony of R. L. Rockwell, vice-president of the plaintiff bank, was that it was the usual custom to turn over notes in this manner to a bank for collection, even though they were not due. In the present case it will be observed that the notes were turned back, according to the receipt which was taken, to the bank of which the plaintiff in error was president and J. P. Armstrong was cashier. It was shown by uncontradicted evidence that these notes came into the hands of the plaintiff bank as collateral after Patrick Armstrong had signed as surety the note sued on. It is true that the date of the transfer stamped upon this note was the date of the note sued on; but Rockwell, vice-president of the plaintiff bank, testified that the Campbell notes were not among the notes deposited as collateral for the note sued on at the time of its execution; that on the day after the date of the note given by the Irish-American Bank he called upon J. P. Armstrong for other collateral; and that it was then that the Campbell & Co. notes were brought to him. Patrick Armstrong, who was president of the Irish-American Bank and who was supposed to have knowledge of these transactions, did not deny the facts thus stated by Rockwell; in fact he did not testify in the case at all. And besides, it appears from the list of customers' notes attached to the note sued

on, which was placed in evidence by the plaintiff in error, that the Campbell notes were not among the notes deposited as collateral at the time the note sued on was made. We do not think that the turning back of the Campbell notes to the bank in trust for collection affords a ground of complaint to Patrick Armstrong.

It is inferable from the testimony of Rockwell, vice-president of the plaintiff bank, that J. P. Armstrong, the cashier of the Irish-American Bank, took from the list notes amounting to $4,637.00, whereby the amount of the list was reduced to $23,000, and that no other collateral was substituted for these notes. Just when this was done is not clear from the testimony; but even if done after the note sued on was given and the collaterals were deposited, this would not operate to discharge the surety, in the absence of proof of the value of such notes; and there was no such proof. And in order to make the creditor liable for the loss of the value of collaterals which he had turned back to the cashier of the debtor, there should have been produced evidence showing the value of the notes. *Fisher* v. *George S. Jones Co.,* 108 *Ga.* 490 (34 S. E. 172) ; *Mauck* v. *Atlanta Trust & Banking Co.,* 113 *Ga.* 242 (38 S. E. 845) ; *Johnson* v. *Longley,* 142 *Ga.* 814 (83 S. E. 952).

The striking of James P. Armstrong as a party defendant, against whom a judgment in personam was sought, is not a matter of which the surety can complain. The plaintiff could have maintained this suit in the first instance against the principal in the note sued on and Patrick Armstrong. The principal and surety on a note are jointly and severally liable, and it is not necessary to sue them jointly; and if James P. Armstrong could be omitted from the suit in the first instance, there is no reason why his name could not be stricken after suit was brought against him.

Nor did the failure of the plaintiff to prove its claim in the bankruptcy proceedings against James P. Armstrong release Patrick Armstrong, his cosurety upon the note sued on. See Yeatman *v.* Savings Institution, 95 U. S. 764 (24 L. ed. 589).; Case note in 25 L. R. A. (N. S.) 139.

We have examined the other grounds upon which the movant contends that as surety he was released from his obligation to pay the principal debt, and none of them are found to be valid.

There was no merit in the assignments of error on the admission of testimony, nor in the assignments of error upon the charge

as given, or the refusal to charge. Having held that the court properly directed a verdict for the plaintiff, it follows that his refusal to charge and his instructions which were actually given to the jury before the court directed a verdict can not afford any ground of complaint.

*Judgment affirmed. All the Justices concur, except Gilbert, J., not presiding.*