## 47821. HURT v. CITIZENS TRUST COMPANY et al.

STOLZ, Judge. The Citizens Trust Company ("bank") sued the Wheat Street Department Store, Inc., ("Wheat Street"), Thomas B. Miller, Sr., ("Miller"), individually, B. F. Hurt ("Hurt"), individually, and Thomas B. Miller, Sr., d/b/a Miller's Service Station, on a promissory note for $9,586.89, which was executed by the corporate defendant and unconditionally indorsed by the individual defendants. The case went into default against "Wheat Street" and "Miller." Defendant Hurt filed defensive pleadings, and the case was tried before a jury, resulting in a judgment for the plaintiff. Defendant Hurt appeals. *Held:*

1. The verdict and judgment were supported by the evidence.

2. Defendant Hurt contends that he was released from any obligation as an unconditional indorser on the note by reason of the bank's impairment of collateral (certain leases assigned by Wheat Street to the bank). This contention is without merit.

First, while much testimony was offered regarding the leases and assignments thereof, they were never introduced in evidence at the trial and are not properly before us at this time.

Second, there is nothing in the record to show that the collateral (assigned leases) had in any way been impaired. In the sense used in Code Ann. §109A-3—606 (1) (b) (Ga. L. 1962, pp. 156, 278; UCC § 3-606 (1) (b)), "impairs" means injured or allowed to deteriorate in value. As was noted in *Citizens Bank of Madison v. Shaw,* 132 Ga. 771, 774 (65 SE 81), "Where the contention has been that holder of promissory notes as collateral security had failed to use proper diligence to collect them, it has been held to be necessary to show both that failure to collect was due to the negligence of

the holder of the collateral,[1] and that damage accrued to the other party therefrom. *Mauck v. Atlanta Trust & Banking Co.,* 113 Ga. 242 (38 SE 845). This class of cases is distinguishable from cases of conversion. In the one damage is claimed as a result of negligence. This involves two elements, negligence and consequent damage. Proof of negligence in collecting a note or chose in action does not alone show that any damage has resulted therefrom. A promissory note may be just as collectible after the negligence as before. No loss may have occurred to the person depositing the collateral. Nothing more than delay may have occurred." Failure to collect on the collateral, without more, is not sufficient to show "impairment" thereof.

Third, there is no requirement in cases of this nature that the holder of the instrument attempt to collect against the collateral before proceeding against the indorsers or maker. "[E]very indorser engages that upon dishonor . . . he will pay the instrument according to its tenor at the time of his indorsement to the holder . . ." Code Ann. § 109A-3—414 (1) (Ga. L.1962, pp.156,262); UCC § 3-414 (1). "The principal and surety on a note are jointly and severally liable, and it is not necessary to sue them jointly; . . ." *Armstrong v. C. & S. Bank,* 145 Ga. 861, 864 (90 SE 44).

3. The appellant's contention, that impairment occurred by reason of the bank's failure to record the leases and assignment, is also unmeritorious. As heretofore mentioned, the leases and assignments were not introduced in evidence. The record is unclear as to whether the leases were recorded by "Wheat Street" prior to their assignment to the bank. If not, it is inconceivable that defendant Hurt, as Secretary of "Wheat Street," could complain of the bank's failure to

---

[1] Here the evidence was that the co-indorser (co-defendant), Miller, instructed the lessees not to make rental payments to the bank.

record the leases and assignments when the lessor (Wheat Street) had failed to do so. In any event, it is not shown how the failure to record the leases and assignments resulted in any damage to defendant Hurt.

4. Next our consideration is directed to defendant Hurt's assertion that he should be discharged because there was no evidence of consideration for his execution (indorsement) of the note. The uncontroverted evidence shows that defendant Hurt, as Secretary of "Wheat Street," certified a copy of a corporate resolution by the board of directors of "Wheat Street," authorizing the execution of the note in question "to settle overdraft matters with Citizens Trust Company." Other evidence in the record conclusively shows the existence of "Wheat Street's" overdraft situation with the bank. "[N]o consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Code Ann. § 109A-3—408 (Ga. L. 1962, pp. 156, 260; UCC § 3-408).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 12, 1973 — DECIDED FEBRUARY 16, 1973.

*Webb, Parker, Young & Ferguson, Harold T. Daniel, Jr., Thomas L. Murphy,* for appellant.

*Kennedy, Bussey & Sampson, Thomas G. Sampson,* for appellees.

