52220. FIRST GUARANTY BANK v. SZEKERES.

PANNELL, Presiding Judge.

Appellant brought an action against the defendant, the complaint as amended, alleging that defendant at the times of execution of certain papers, was a stockholder, director, and officer of Tie Castle, Inc.; that on or about July 11, 1972, defendant made a financial statement to the plaintiff and on or before August 21, 1972, delivered a copy of the statement to plaintiff (Exhibit A) and on or about the same day executed and delivered to plaintiff a "continuing guaranty" (Exhibit B), and on or about August 22, 1972, Tie Castle, Inc. executed and delivered

to plaintiff a promissory note in the principal sum of $20,000, signed by Richard D. Brock for the company and Richard D. Brock individually. The continuing guaranty read in part: "Be it known that for a good and valid consideration and for the purposes of enabling Tie Castle, Inc., hereafter referred to as 'Debtor,' to obtain credit and/or other financial accommodations from the First Guaranty Bank, Hammond, Louisiana, hereafter referred to as 'Bank,' the undersigned hereby guarantees absolutely and unconditionally the prompt payment when due, whether at maturity, by declaration, demand or otherwise of any and all indebtedness from the Debtor to the Bank in a principal amount not to exceed Twenty Thousand and no/100 Dollars in aggregate at any one time outstanding, plus such interest as may accrue thereon, whether such indebtedness is incurred as principal, guarantor or indorser, is direct, or indirect, absolute or contingent, due or to become due *or whether such indebtedness is now existing or arises hereafter* and in addition the undersigned agrees to pay all costs of collection, legal expenses and attorneys' fees paid or incurred by the Bank in collecting and/or enforcing such indebtedness and in enforcing this guaranty (all such indebtedness, interest, costs, fees and expenses being hereinafter called the 'Indebtedness')." (Emphasis supplied.) The complaint further alleged that on February 25, 1974, the defendant, and Tie Castle, Inc., together with R. Dale Brock (the same as Richard D. Brock) executed and delivered a note in favor of the plaintiff in the principal amount of $8,000 (Exhibit D), and that this note was subsequently renewed in the same principal amount. The complaint then contained three counts, all adopting the general allegations above set forth. Count 1 further alleged that the $20,000, evidenced by the $20,000 note was advanced "in reliance on the Guaranty and Financial Statements of the Defendant." This count further alleged that the defendant misrepresented his personal financial worth; that the $20,000 note has never been repaid, notwithstanding demands for payment, and that interest on the note has not been paid since January 10, 1974. It further alleged the giving of a notice of attorney fees and prayed for

recovery of principal, interest and attorney fees.

Count 2 further alleged that the plaintiff advanced $8,000 to Tie Castle, Inc., under the first $8,000 note and that after execution of the renewal $8,000 note, $412.27 principal balance of the first note remained unpaid, and has not been paid; and that no interest payments on the outstanding balance of the first $8,000 note has been paid since September 11, 1974, and prayed for judgment for the sum of $412.27, plus interest, plus attorney fees.

Count 3 adopted all prior allegations and alleged that no amount of the $8,000 renewal note had been paid, and no payment of interest on this note had been made since September 11, 1974; and further alleged the giving of a notice of attorney fees and prayed for payment of the sum of $8,000, plus interest from September 11, 1974, plus attorney fees.

The trial judge, to whom the case was submitted for determination without the intervention of a jury, refused to admit the $20,000 note in evidence on the ground it was not shown the loan evidenced by the note, dated one day later than the guaranty was made upon reliance upon the guaranty. These findings of fact and conclusions of law were as follows: "Count 1. There was no showing by the plaintiff that the collateral agreement signed by the defendant was relied upon by the plaintiff in making the loan of $20,000.00 to Tie Castle, Inc. or in fact even knew of the existence of the collateral agreement prior to making said $20,000.00 loan. The $20,000.00 note signed by Tie Castle, Inc. did not bear any reference to this defendant. Count 2. There was no showing by the plaintiff that any attempt had been made to foreclose on the collateral that was still retained by the plaintiff and no showing of the value other than the fact that it was accepted at the time of making the loan. Count 3. There was no showing by the plaintiff that any attempt had been made to foreclose on the collateral that was still retained by the plaintiff and no showing of the value other than the fact that it was accepted at the time of making the loan. There was no showing by the plaintiff that the value of the collateral at the time of the making of the loan or at the time the loan went into default that the value of the collateral did not exceed the amount of the loan and

interest.

"Conclusions of Law. Count 1. As plaintiff could not show that plaintiff relied upon the guarantee signed by the plaintiff, the $20,000.00 note, which did not bear the signature of the defendant, was not admitted into evidence. The finding is for the defendant. Count 2 and Count 3. As the collateral could have exceeded the amount of the note plus interest, the bank could have or could now foreclose on said collateral. The finding is for the defendant."

The bank's motion for new trial complaining of the rejection from evidence of the $20,000 note and the conclusions of law announced by the trial judge in reference to the two $8,000 notes was overruled and the bank appealed.

While there was no direct evidence the $20,000 loan was made in reliance upon the guaranty, the defendant testified that as the result of executing the guaranty he expected Tie Castle, Inc. to secure a loan from the plaintiff bank and signed the guaranty for this purpose. He was later told the loan had been secured. The evidence disclosed that the $412.27 "principal" balance on the first $8,000 note resulted because interest in that amount was paid out of the second $8,000 or renewal note. *Held:*

1. While the complaint alleged the $20,000 loan was made in reliance on the guaranty, the guaranty itself does not require such reliance. The guaranty covers obligations of Tie Castle, Inc. existing at the time of the execution of the guaranty or arising thereafter. Under the terms of the guaranty, the $20,000 note was covered thereby. The trial judge erred in refusing to admit the note in evidence.

2. The other two notes were not covered by the guaranty, it having been exhausted by the $20,000 transaction and loan, and the continuing nonpayment thereof. However, the defendant was liable on these notes as either endorser or co-maker. That the bank had not first sought payment from the security given to secure these notes (the stock certificates of Tie Castle, Inc.) was no ground for denying a judgment on the notes for the amount due thereon. There was no showing by the defendant that the collateral was injured or allowed to

deteriorate, or that it was negligent in failing to foreclose prior to the bankruptcy of Tie Castle, Inc. See Code § 109A-3—606 (1) (b); *Hurt v. Citizens Trust Co.,* 128 Ga. App. 224 (196 SE2d 349); *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (218 SE2d 677).

The trial judge erred in the rulings made and in the overruling of plaintiff's motion for a new trial.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED JUNE 8, 1976 — DECIDED JUNE 22, 1976.

*Dodd, Driver, McClatchey & Connell, Ellwood F. Oakley, III, Eugene H. Driver,* for appellant.

*Rees R. Smith,* for appellee.