54411. BENNETT v. ADEL BANKING COMPANY.

BANKE, Judge.

Adel Banking Company, the appellee, sued the appellant to recover on an unpaid promissory note. The appellant raised the affirmative defense of fraud. At a pre-trial hearing the judge overruled appellee's motion to strike appellant's defense for being insufficient as a matter of law. Twenty days later the trial judge entered an amended pre-trial order in which he again overruled appellee's motion to strike. He also awarded the appellee a partial judgment on the pleadings for the principal and interest due on the note. The judge reserved for trial the

issue of whether appellant was liable for appellee's attorney fees. At trial without a jury, final judgment was entered for appellee for the principal amount, interest, and attorney fees.

1. The trial judge did not err in granting appellee a partial judgment on the pleadings for the principal and interest due on the note. The appellant alleged fraud on the part of appellee's president as his defense to payment. Specifically, the appellant maintains that he would not have borrowed $1,000 from the appellee in December if appellee's president had informed him that he was not going to renew the following January a private business contract with him.

The personal business transactions between appellant and appellee's president provide no defense to appellant's obligation to pay the note at maturity. See *Bank of Lenox v. Webb Naval Stores,* 171 Ga. 464 (156 SE 30) (1930). Furthermore, the note contained an unconditional promise to pay (Code Ann. §§ 109A-3—104 (1) (b)); 109A-3—413 (1); and parol evidence cannot be used in order "to inject conditions on the obligation which are not apparent from the face of the note." *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (1) (219 SE2d 677) (1975). See also *Cairo Banking Co. v. Hall,* 42 Ga. App. 785 (3) (157 SE 346) (1930). When appellant was unable to establish a valid defense to payment, the appellee was entitled as a matter of law to recover on the note. Code Ann. § 109A-3—307 (2). See *Tatum v. Bank of Cumming,* supra, Division 3.

2. Appellant contends the trial judge erred in entering sua sponte a partial judgment on the pleadings for appellee. There is neither a transcript nor a stipulation of the pre-trial hearing included in the record on appeal. The trial judge has certified to this court, however, that although he ". . . cannot recall positively that the plaintiff [appellee], Adel Banking Company, orally moved for judgment on the pleadings in those express words, the court is of the opinion that such a motion was in effect so made and that both counsel so understood and argued as if such a motion was before the court." The judge also expressly denied that he entered the judgment sua sponte. In the absence of any evidence to the contrary ". . .

a presumption [exists] in favor of the regularity and legality of all proceedings in the superior court. Code § 38-114 [Cits.]" *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) (1972). See *Moody v. Mendenhall,* 238 Ga. 689 (4) (234 SE2d 905) (1977). We find no error in the trial court's procedure.

3. The trial judge denied the request of appellant's counsel that he be permitted to use a handheld recorder to record the trial for his own use. The only issue argued at trial was appellant's liability for attorney fees. Under our decision in *Davey v. City of Atlanta,* 130 Ga. App. 687 (1) (204 SE2d 322) (1974), the trial judge's refusal was error. Nevertheless, we do not find that the appellant was harmed by this error since no issue is raised on appeal which requires a review of the evidence introduced at trial; thus, a recording of the trial would not have benefited appellant's counsel in preparing for appeal. This enumeration of error is without merit.

4. The appellant cites as error the fact that the trial judge admitted documentary evidence in violation of a local court rule. Because there was no objection at trial, we are unable to review this enumeration on appeal. However, it seems unlikely that appellant was harmed by admission of the letter in question without a pre-trial inspection by his attorney. The evidence showed that appellant received a copy of this letter and a notation on the letter indicated that a copy was sent to appellant's counsel.

5. Appellant's fifth enumeration of error is without merit. The language of the letter of notice adequately complied with the provisions of Code Ann. § 20-506 (c).

6. Appellant argues that the judgment awarding attorney fees to appellee must be reversed because the notice was not timely filed. The burden was on appellee to show that defendant had received a valid notice that attorney fees would be claimed in accordance with the provisons of the note. *Walton v. Johnson,* 213 Ga. 108 (3) (97 SE2d 310) (1957). Here a certified mail receipt shows that appellant received appellee's valid notice on March 8, 1977. Final judgment was entered on April 14, 1977. Under our ruling in *Candler v. Orkin,* 129 Ga. App. 721 (4) (200 SE2d 909) (1973), the notice was valid. Appellee

had originally included attorney fees in its complaint and the notice was received more than ten days before entry of final judgment. This enumeration of error is without merit.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED NOVEMBER 18, 1977 — REHEARING DENIED DECEMBER 7, 1977 —

*William Waugh Turner, III,* for appellant.
*Griffis & Thomas, Virgil D. Griffis,* for appellee.