A91A0013. RICHARDS v. FIRST UNION NATIONAL BANK OF GEORGIA.
(405 SE2d 705)

BEASLEY, Judge.

Appellee, First Union National Bank of Georgia, was awarded summary judgment, in a detailed order, in its suit against appellant Richards to recover principal and interest payments, as well as attorney fees, on three promissory notes in the amounts of $189,819.63, $38,000, and $70,000.

Richards' son and daughter-in-law opened a retail clothing store. Richards, who had a sizeable retirement-investment account managed by the bank's trust department, agreed to personally guarantee business loans made to his son and daughter-in-law. Both the $38,000 and $70,000 notes evidenced such business loans and were signed by Richards as an accommodation party. See OCGA § 11-3-415. The $189,819.63 note was a consolidation and renewal of prior notes for personal loans made by the bank to Richards.

Richards argues that he should not be held liable on the notes because commercial loan officers of the bank breached an oral agreement not to make loans to the accommodated parties without Richards' prior knowledge and consent. His signature on the notes sue

on, the authenticity of which he does not contest, eliminates this defense. See OCGA § 11-3-307.

So does the parol evidence rule, which precludes enforcement of such oral agreements. See *Bennett v. Adel Banking Co.*, 144 Ga. App. 282, 283 (1) (241 SE2d 23) (1977). It may not be avoided on the theory of a confidential or fiduciary relationship between Richards and the bank. The bank's management of trust or agency accounts on behalf of a customer "does not create a confidential or fiduciary relationship which would entitle the party seeking to avoid an obligation to the bank by alleging reliance upon oral communications between the bank [commercial loan] officers and that party which might otherwise vitiate the transaction. See *Feltman v. Nat. Bank of Ga.*, 146 Ga. App. 434, 437 (246 SE2d 447)." *Wall v. Fed. Land Bank*, 156 Ga. App. 368, 372 (2) (274 SE2d 753) (1980); see also *Big Bend Agri-Services v. Bank of Meigs*, 174 Ga. App. 493, 494 (1) (330 SE2d 422) (1985).

Further, the evidence fails to support Richards' contention that such an agreement was ever made. He refers to the loans of which he was unaware as the "secret loans." They were loans which were not guaranteed by Richards and were thus written off by the bank.

The next defense is that Richards was discharged because the debts were secured by the business' accounts receivable, inventory, and fixtures, and the bank impaired this collateral by allowing it to be pledged and liquidated in satisfaction of subsequent loans. The only specific loan referred to by Richards is a $48,000 loan which predated the loans he guaranteed. The commercial loan officer's testimony that Richards' daughter-in-law had sold some business fixtures and brought the proceeds of the sale to the bank, which applied them toward the business loans, is insufficient to show an "impairment of collateral" within the meaning of OCGA § 11-3-606 (1) (b). See *Sadler v. Trust Co. Bank*, 178 Ga. App. 871, 872 (1) (344 SE2d 694) (1986); *Hurt v. Citizens Trust Co.*, 128 Ga. App. 224 (2) (196 SE2d 349) (1973).

The bank was entitled to judgment. See generally *Coleman v. McDonald's Corp.*, 185 Ga. App. 628 (365 SE2d 282) (1988); *Kelly v. American Fed. Savings &c.*, 178 Ga. App. 542 (1) (343 SE2d 755) (1986).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991 —
REHEARING DENIED MAY 1, 1991 — 

*Harl C. Duffey, Jr.*, for appellant.

*Frank H. Jones*, for appellee.