A92A0485. RICHARDS v. FIRST UNION NATIONAL BANK OF GEORGIA.
(420 SE2d 352)

COOPER, Judge.

Appellee brought an action against appellant seeking recovery on three promissory notes. Appellant answered, asserting breach of an

oral contract and breach of fiduciary duty as defenses, and filing a counterclaim against appellee for breach of an oral contract. Appellee moved for summary judgment on its complaint, and the motion was granted. Appellant appealed, and this court affirmed the grant of summary judgment to appellee. *Richards v. First Union Nat. Bank of Ga.*, 199 Ga. App. 636 (405 SE2d 705) (1991). Thereafter, appellee moved for summary judgment on the counterclaim, and the trial court granted the motion. This appeal followed.

Appellant agreed to personally guarantee two business loans made to his son and daughter-in-law as an accommodation party, and the third note represented a consolidation and renewal of loans made by appellee to appellant. Appellant argued in defense of the initial motion for summary judgment on the complaint that he should be discharged from obligation under the promissory notes because appellee's commercial loan officers breached an oral agreement not to make loans to the accommodated parties without his prior knowledge and consent. Appellant also contended that appellee impaired the collateral which secured the notes by allowing it to be pledged and liquidated in satisfaction of subsequent loans advanced to his son and daughter-in-law without his consent. In *Richards*, supra, we held that the parol evidence rule precluded enforcement of such oral agreements; that the evidence failed to support appellant's contention that such an oral agreement was ever made; and that the evidence was insufficient to show impairment of collateral under OCGA § 11-3-606. Id. at 637. We also rejected appellant's argument that appellee violated a duty owed to appellant arising out of a fiduciary or confidential relationship. In his counterclaim, appellant alleges that as an inducement to execute the promissory notes, appellee entered into a separate oral contract wherein appellee agreed not to make loans to the accommodated parties without appellant's knowledge and consent and that appellee breached a duty arising from the oral agreement. Appellant also seeks punitive damages "due to the aggravating circumstances in the act and intention of the plaintiff." In its motion for summary judgment on the counterclaim, appellee argued that appellant's theories of recovery were identical to the claims addressed and rejected by this court in *Richards*, supra. Moreover, as to the breach of duty claim, appellee contended that as a director of the corporations through which his son and daughter-in-law received the loans, appellant had a duty to exercise due diligence to educate himself as to the financial condition of the corporations. The trial court agreed that this court in *Richards*, supra, rejected appellant's argument and concluded that it was bound to follow the decision of the Court of Appeals in its grant of summary judgment to appellee on the counterclaim.

1. Appellant enumerates as error the trial court's application of

the law of the case rule in granting summary judgment on the counterclaim. " 'The "law of the case" has been defined as a controlling legal rule established by a previous decision between the same parties in the same case. (Cit.)' [Cit.] However, the principle only establishes the law of the case in its *then* existing evidentiary posture. ' "When a case is brought to this court . . . , all questions as to pleadings and the effect of evidence adjudicated by this court are binding as the law of the case on this court and . . . in the court below, *unless* additional pleadings and evidence prevail to change such adjudications." ' (Emphasis supplied.) [Cit.]" *Modern Roofing &c. Inc. v. Owen,* 174 Ga. App. 875 (1) (332 SE2d 14) (1985). " ' "Where the second motion for summary judgment is based on matters not involved in the decision on the first motion, the 'law of the case' is not involved. (Cit.)" (Cits.)' [Cit.]" Id. at 876. Appellant argues that the issues in the first case related to the admissibility of parol testimony as to defenses in an action on promissory notes and that the issues in the instant case related to an action on a simple oral contract; thus, the evidentiary postures of the cases are different and the law of the case rule is inapplicable. We disagree.

It is apparent that the alleged oral agreement which is the basis of appellant's counterclaim is the same oral agreement that was rejected by this court in *Richards,* supra, based on the parol evidence rule. Our examination of the record reveals that no additional evidence has been submitted by appellant for the trial court's consideration in connection with the motion for summary judgment on the counterclaim, nor does appellant cite to any such evidence. See *Yaeger v. Stith Equip. Co.,* 185 Ga. App. 315, 316 (364 SE2d 48) (1987). Thus, "[t]he rule applies because the same parties and issues are involved and the evidentiary posture of the case remains the same. [Cit.]" *Bruce v. Garges,* 259 Ga. 268, 270 (2) (379 SE2d 783) (1989). See also *Navistar Intl. Transp. Corp. v. Ogletree,* 199 Ga. App. 699 (2) (405 SE2d 884) (1991); *Dacosta v. Allstate Ins. Co.,* 199 Ga. App. 292 (1) (404 SE2d 627) (1991). Appellant's reliance on the holding in *Modern Roofing,* supra, is misplaced because in *Modern Roofing,* additional evidence was presented and a new issue was raised in the second motion for summary judgment; therefore, the case was not in the same evidentiary posture. In *May v. Macioce,* 200 Ga. App. 542 (409 SE2d 45) (1991), also relied upon by appellant, the rule was likewise inapplicable because the complaint was amended to allege a new theory of recovery after the appellate court decision.

2. In his second enumeration of error, appellant contends that because the trial court did not include in its findings of fact and conclusions of law that it found "no genuine issues of material fact and defendant is entitled to judgment as a matter of law," the court did not employ the proper standard in granting summary judgment to ap-

pellee. "[T]he mere entry of findings of fact and conclusions of law in ruling on a motion for summary judgment does not constitute error per se." *Harrell v. Louis Smith Mem. Hosp.*, 197 Ga. App. 189 (1) (397 SE2d 746) (1990). OCGA § 9-11-56 (c) requires that the movant in a motion for summary judgment to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; however, the trial court is not required to make a specific finding of such. OCGA § 9-11-52. In the instant case, the trial court entered findings of fact and conclusions of law which amply demonstrated that appellee met its burden and was entitled to judgment as a matter of law. Hence, we find no error in the trial court's grant of summary judgment.

3. Contrary to appellant's third enumeration of error, our discussion in the divisions above demonstrates that the trial court did not err in granting summary judgment in favor of appellee based on the enumerations of error asserted in this appeal. This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 25, 1992.

*Harl C. Duffey, Jr.*, for appellant.
*Jones, Byington, Durham & Payne, Frank H. Jones*, for appellee.