A93A0701. SOUTHEASTERN BANK v. RENFRO.
(430 SE2d 860)

JOHNSON, Judge.

Southeastern Bank, formerly known as the Darien Bank, brought suit against Wayne Renfro as guarantor of a promissory note. Although the parties refer to Renfro as a co-signer, it is clear from the loan instrument that he was a guarantor. The loan was secured by collateral listed on a UCC-1 Financing Statement, including various boats and motors. The bank required a guarantor on the note because the loan officer did not know the maker. Renfro testified that he did not know the maker well, but had a long relationship with the bank, had previously acted as guarantor on loans, and agreed to do so here.

Southeastern introduced the executed note into evidence without objection as to its authenticity. The branch manager's testimony that $12,750 remained due on the note was also unchallenged. Renfro testified that he never would have signed the note if bank officials had

not orally represented to him that the loan was fully collateralized.[1] He further testified that he became impatient with the bank's failure to redeem the collateral and offered to try to get it himself. The case was submitted to a jury which returned a verdict in favor of Renfro. Southeastern appeals the judgment rendered on the verdict and the denial of its motion for a new trial because it is contrary to law. We agree.

The endorsement signed by Renfro provided that: "The undersigned endorsers . . . jointly and severally . . . consent to . . . the release of any collateral applicable thereto . . . without affecting or releasing the liability of any of the endorsers or guarantors." The plain and unambiguous language of the loan instrument itself makes it apparent that Renfro waived any impairment of collateral defenses available to him under OCGA § 11-3-606 (1) (b). See *Carrollton Car Center v. C & S Nat. Bank*, 202 Ga. App. 429, 430 (2) (414 SE2d 674) (1992).

Further, the bank's failure to effect recovery of the collateral does not preclude it from seeking to enforce the guaranty against Renfro. There is no requirement that the holder of a note proceed against the collateral before looking to the endorser or maker. See *Hurt v. Citizens Trust Co.*, 128 Ga. App. 224, 225 (2) (196 SE2d 349) (1973); *Richards v. First Union Nat. Bank*, 199 Ga. App. 636 (405 SE2d 705) (1991).

Southeastern also challenges several of the charges given to the jury which characterized statements made to Renfro by the bank regarding the collateral as misrepresentations. Pretermitting whether the statements made by the bank regarding the value of the collateral were false or were known to be false at the time they were made, Renfro's assertions that oral representations made to him by the bank concerning the safety of the loan should relieve him of his obligation are meaningless in the presence of Renfro's signature on the note. OCGA §§ 11-3-307; 24-6-1 et seq. See *Richards v. First Union Nat. Bank*, supra. Additionally, no evidence was introduced at trial to support Renfro's theory that the collateral listed on the UCC-1 did not exist at the time the loan was made. "A charge which injects into the case and submits for the jury's consideration issues not made by the pleadings or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful . . . and is error requiring the grant of a new trial." (Citations and punctuation omitted.) *Austin v. Kaufman*, 203 Ga. App. 704, 710 (9) (417 SE2d 660) (1992). Those charges given to the jury which characterized the bank's statements

---

[1] The loan officer testified that he had personally gone to the docks to see the items listed as collateral on the UCC-1 Financing Statement.

as being misrepresentations were not supported by the evidence and were error. Southeastern's motion for a new trial should have been granted.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 15, 1993.

*Pipkin & Williams, James G. Williams*, for appellant.
*Donald O. Nelson*, for appellee.